IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MIGUEL OLMO** : | **CIVIL ACTION** |
| : | |
| v. : | |
| : | |
| **PENNSYLVANIA DEPARTMENT OF** : | |
| **CORRECTIONS, SUPERINTENDENT** : | |
| **TAMMY FERGUSON, WELLPATH, LLC** : | |
| Formerly known as Correct Care, LLC, : | |
| Medical Director **STEPHEN WEINER** : | |
| **D.O., JENNIFER DUMAS, CRNP, JILL** : | |
| **MCGINLEY RN, FRANCINE MUSETTI RN,** : | |
| **CYNTHIA CURRIE, MONIQUE AUGUSTE** : | |
| **LPN, KATHERINE MORRIS RN, JOHN** : | |
| **DOE MEDICAL PROVIDERS I-V, JANE** : | |
| **DOE MEDICAL PROVIDERS I-V, JOHN** : | |
| **DOE CORRECTIONAL OFFICERS I-V,** : | |
| **JANE DOE CORRECTIONAL OFFICERS** : | |
| **I-V and SARAH FARRELL CRNP** : | **NO. 21-4333** |

<u>**MEMORANDUM**</u>

**Savage, J.**                                                                                         **November 29, 2021**

Plaintiff Miguel Olmo claims that the defendants committed medical malpractice and violated his Eighth and Fourteenth Amendment rights when they failed to timely treat his priapism condition after repeated requests for medical attention while he was incarcerated. Defendants Wellpath, LLC f/ka Correct Care, LLC, Stephen Wiener, and Sarah Farrell move to dismiss Olmo's complaint, arguing that he has failed to allege enough facts to state a claim for punitive damages and that he has failed to file a timely certificate of merit as required under Pennsylvania law.

We conclude that Olmo has adequately pled a claim for punitive damages and the time to file the certificate of merit has not expired.  Therefore, we shall deny the motion to dismiss.

## Background

Olmo alleges that when he arrived at SCI-Phoenix, he was prescribed Doxepin for anxiety.[1] Doxepin has several potential side effects, including priapism, which is the "prolonged erection of the penis."[2] Priapism, if not promptly treated, can cause "severe and permanent harm."[3]

Olmo alleges that on or about October 3, 2019 he was taken to the infirmary at SCI-Phoenix because "his penis had been erect and painful for several hours."[4] He was seen by two nurses who "dismissed his concerns and sent him back to his cell."[5] Olmo completed a sick call slip on the next day but was not seen.[6] The following day, Olmo submitted another sick call slip, was seen by defendant Farrell, and given an anti-inflammatory drug for pain management.[7] The next day, October 6, Olmo "hit the panic button in his cell" because he was in "unbearable pain."[8] Then, he was transported by ambulance to Einstein Medical Center.[9]

At the hospital, Olmo underwent five "priapism takedowns," where medical staff injected "phenylephrine and saline into [his] penis" while simultaneously taking blood out

---

[1] Compl. at ¶¶ 18-21 (ECF No. 1).

[2] *Id.* at ¶¶ 22-23.

[3] *Id.*

[4] *Id.* at ¶ 24.

[5] *Id.*

[6] *Id.* at ¶ 25.

[7] *Id.* at ¶¶ 26-27.

[8] *Id.* at ¶ 30.

[9] *Id.* at ¶ 32.

using an 18-gauge needle.[10]  Because his erection had lasted longer than 48 hours before he arrived, staff at the hospital told Olmo that the takedowns would "not likely be successful."[11]

When these five takedowns failed, Olmo "underwent penoscrotal decompression" and had a "malleable penile prosthesis" inserted.[12]  He was discharged from the hospital two days later.[13]

## Analysis

The moving defendants seek to dismiss Olmo's claim for punitive damages and his malpractice claim because he did not file a certificate of merit as required under Pennsylvania law.  Both of these arguments fail.

Olmo has set forth sufficient facts to establish that the moving defendants acted with reckless indifference to his serious medical condition.  *See Brand Mktg. Grp. LLC v. Intertek Testing Servs., N.A., Inc.*, 801 F.3d 347, 360 (3d Cir. 2015) (holding that to establish claim for punitive damages, plaintiff must establish that defendant had a "subjective appreciation of the risk" and that he or she "acted, or failed to act, as the case may be, in conscious disregard of that risk") (citation omitted).  At this stage, his allegations that defendants prescribed him medication where priapism was a possible side effect, ignored his symptoms and severe pain for multiple days, and only transported him to a hospital after four days of excruciating pain are sufficient to plead a claim for

---

[10] *Id.* at ¶¶ 35, 37.

[11] *Id.* at ¶ 36.

[12] *Id.* at ¶ 38.

[13] *Id.* at ¶ 39.

punitive damages.

The defendants' contention that Olmo's failure to file a certificate of merit warrants dismissal is premature. Under the Pennsylvania Rules of Civil Procedure, Olmo has "sixty days after the filing of the complaint" to file the required certificate of merit. PA. R. CIV. P. 1042.3(a). Olmo's complaint was filed on October 1, 2021.[14] Thus, the time to file a certificate of merit has not expired.

## Conclusion

Because Olmo has alleged sufficient facts to substantiate a claim for punitive damages and the time to file a certificate of merit has not expired, we shall deny the defendants' motion to dismiss.

---

[14] *See* Compl.